UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PHILLIP HOUSTON and JOYCE HOUSTON,

    Plaintiffs,

vs.                                            CASE NO. 8:14-cv-01944-EAK-MAP

GARRISON PROPERTY AND CASUALTY
INSURANCE COMPANY,

    Defendant.

_____/

## ORDER ON PLAINTIFFS' MOTION FOR REMAND AND MOTION FOR ATTORNEY'S FEES AND COSTS

THIS CAUSE is before the Court on Plaintiffs' Motion For Remand And Motion For Attorney's Fees And Costs. The Court, having considered the motion and response, determines that Plaintiffs' Motion To Remand should be granted and Plaintiffs' Motion For Attorney's Fees And Costs be denied.

## PROCEDURAL HISTORY

Plaintiffs, Phillip Houston and Joyce Houston, filed a three-count complaint against Defendant Garrison Property and Casualty Insurance Company to recover damages in excess of $15,000.00 in the Circuit Court of the Thirteenth Judicial Circuit, in and for, Hillsborough County, Florida on July 11, 2014. (Doc. 8). Plaintiffs alleged a claim for uninsured/underinsured motorist ("UM") benefits in Count I, a claim for statutory bad faith and unfair settlement practices in Count II, and a claim for medpay

benefits in Count III. (Doc. 8). These claims arose out of an automobile accident involving both Plaintiffs and an alleged uninsured or underinsured motorist. (Doc. 10).

On August 11, 2014, Defendant filed a Notice of Removal to remove this action to federal court on the basis of diversity jurisdiction. (Doc. 8). On August 12, 2014, this case was removed to this Court. (Doc. 8). On August 18, 2014, Plaintiffs filed the Plaintiffs' Motion For Remand And Supporting Memorandum of Law And Motion For Attorney's Fees And Costs. (Doc. 8). On August 29, 2014, Defendant filed the Garrison Property And Casualty Insurance Company's Response In Opposition To Plaintiffs' Motion For Remand And Motion For Attorney's Fees And Costs. (Doc. 10).

## BACKGROUND

Plaintiffs, Phillip Houston and Joyce Houston, were involved in a motor vehicle accident on May 19, 2013. (Doc. 8). Stephen A. Bentubo, an uninsured or underinsured motorist, struck Plaintiffs' vehicle while they were crossing an intersection. (Doc. 10-1). When the accident occurred, Plaintiff Phillip Houston was driving the vehicle and Plaintiff Joyce Houston was sitting in the front seat. (Doc. 10-1). The impact resulted in a T-bone collision that flipped Plaintiffs' vehicle onto its side causing it to hit another vehicle. (Doc. 10-1). The Florida Traffic Crash Report designated Stephen A. Bentubo as the at-fault party and charged him with a violation. (Doc. 10-1). As a result of the crash, Plaintiffs were seriously injured and taken to the hospital in an ambulance. (Doc. 10-1, 10-3).

At the time of the accident, Plaintiffs, Phillip Houston and Joyce Houston, were insured with Defendant. (Doc. 10). Plaintiffs' policy had UM coverage with a limit of

$300,000.00 per person that was stacked times two vehicles, which equates to $600,000.00 per person. (Doc. 10). The insurance policy also had a limit of $500,000.00 per accident. (Doc. 8). Defendant argues that the policy limit amounts demanded by Plaintiffs exceed the amount in controversy jurisdictional requirement of $75,000.00. (Doc. 10).

Plaintiffs, Joyce Houston and Phillip Houston, each filed a Civil Remedy Notice ("CRN") pursuant to section 624.155(3)(a), Florida Statutes. (Doc. 10). The CRNs are required "[a]s a condition precedent to bringing an action" for bad faith. *Id.*

1) Plaintiff Joyce Houston filed CRN #257053 on May 13, 2014 demanding the policy limit of $1,000,000.00. (Doc. 10-2).

2) Plaintiff Phillip Houston filed CRN #257372 on May 19, 2014 demanding the policy limit of $600,000.00. (Doc. 10-4).

In addition to filing the CRNs, Plaintiffs each sent a demand letter to Defendant.

1) Plaintiff Joyce Houston demanded the policy limit of $1,000,000.00 and listed $36,237.77 in medical bills. (Doc. 10-1).

2) Plaintiff Phillip Houston demanded the policy limit of $600,000.00 and listed $20,017.40 in medical bills. (Doc. 10-3).

3) The combined amounts of Plaintiffs' medical bills in both demand letters are $56,255.17.

According to Plaintiff Joyce Houston's demand letter, she is an elderly woman with myriad medical problems, including a prior back fusion surgery after she injured herself jumping off a porch swing in 2003. (Doc. 10-1). Plaintiff Joyce Houston alleges

3

in her letter that the auto accident exacerbated and aggravated her prior injuries leaving her more susceptible to future injuries. (Doc. 10-1). Additionally, in Plaintiff Phillip Houston's demand letter, he alleges that as a result of Plaintiff Joyce Houston's injuries from the accident, he must take care of her, and he can no longer count on her to take care of him as she once did. (Doc. 10-3). Both letters contain demands for the loss of enjoyment of life, but neither letter specifies future medical care expenses. (Doc. 10-1, 10-3).

## STANDARD OF REVIEW

A defendant may remove a civil case from state to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). For the Court to have original jurisdiction over this claim, there must be complete diversity between the parties and an amount in controversy exceeding $75,000.00. 28 U.S.C. § 1332(a). As the party seeking removal, Defendant bears the burden of establishing jurisdiction. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1207 (11th Cir. 2007). "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). "Federal courts are directed to construe removal statutes strictly, resolve all doubts about jurisdiction in favor of remand, and employ a presumption in favor of remand to state courts." *Total Fleet Solutions, Inc. v. Nat'l Crime Ins. Bureau*, 612 F. Supp. 2d. 1232, 1234 (M.D. Fla. 2009).

## DISCUSSION

Plaintiffs are citizens of the State of Florida and residents in Hillsborough County. Defendant is a Texas corporation with its principal place of business in San Antonio, Texas. Plaintiffs and Defendant do not dispute complete diversity between the parties; the issue is whether the amount in controversy exceeds $75,000.00.

Removal statutes are construed narrowly when parties argue over jurisdiction and any uncertainty is resolved in favor of remand. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). When a removing defendant makes specific factual allegations establishing jurisdiction, the defendant must provide support with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). "The substantive jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard." *Id.* at 755.

Plaintiffs argue that the CRNs say nothing about the amount in controversy and are only a precursor to the bad-faith-failure-to-settle claim that may be brought against Defendant. Plaintiffs argue that they filed the CRNs because they allege that Defendant did not make a good faith offer to settle their case. In response, Defendant argues that it should be afforded the ability to rely on the amounts in Plaintiffs' demand letters and CRNs in which the Court could reasonably infer that the amount in controversy is satisfied.

The Middle District has determined that demand letters and CRNs are not sufficient evidence to establish the amount in controversy because a plaintiff's demand for the available policy limits does not establish that the claim will more likely than not

exceed $75,000.00 by a preponderance of the evidence. *See Beal v. State Farm Mut. Auto. Ins. Co.*, No. 3:12-CV-703-J-12JBT, 2012 WL 4049516, at *2-3 (M.D. Fla. Sept. 12, 2012) (holding that the plaintiff's demands for the $100,000.00 available policy limits did not meet the $75,000.00 amount in controversy requirement for diversity jurisdiction). "Many courts have held that it is the value of the claim at issue, not the value of the policy limit, that is considered for purposes of determining the amount in controversy." *Goodin v. Fid. Nat'l Title Ins. Co.*, No. 3:11-CV-149-J-32JRK, 2012 WL 473913, at *3 (M.D. Fla. Feb. 14, 2012).

Plaintiffs' policy limits are not reliable indicators of the actual value of their claim. The policy limits in the demand letters and CRNs are Plaintiffs' posturing for the purpose of promoting a settlement with Defendant. A settlement demand should be given more weight if it is an honest assessment of damages rather than mere puffery and posturing. *Crutchfield v. State Farm Mut. Auto. Ins. Co.*, No. 6:12-CV-1656-ORL-37GJK, 2013 WL 616921, at *1-2 (M.D. Fla. Feb. 19, 2013). "A policy limit does not establish a large amount in controversy for the simple reason that the underlying plaintiff's claim may be for far less than the policy limit." *Park Place Condo. Ass'n of Tampa, Inc. v. State Farm Fire & Cas. Co.*, No. 8:11-CV-884-T-26TGW, 2011 WL 2470105, at *2 (M.D. Fla. May 13, 2011). "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." *Williams*, 269 F.3d at 1319-20. Thus, a defendant cannot satisfy its burden solely with a

demand for the insurance policy limits that exceed the amount in controversy jurisdictional requirement. *Id.* at 1320.

Defendant did not provide enough evidence to show more likely than not that Plaintiffs' damages are greater than $75,000.00. Plaintiffs' demand letters claim that Plaintiffs have accumulated $56,255.17 in medical bills, which is below the jurisdictional requirement. Further, Plaintiffs did not provide any estimates of future medical expenses related to the accident.

Defendant's Notice of Removal fails to establish that the amount in controversy exceeds the $75,000.00 jurisdictional requirement. Therefore, this Court lacks subject matter jurisdiction and remands this case to the Circuit Court of the Thirteenth Judicial Circuit, in and for, Hillsborough County, Florida.

**Attorneys Fees and Costs**

Plaintiff asks the Court to award Plaintiffs' attorney's fees and costs incurred as a result of the improper removal because Defendant lacked an objectively reasonable basis for removal from state court. The United States Supreme Court held that "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). The Supreme Court emphasized that 28 U.S.C. § 1447(c) authorizes courts to award fees and costs, but only when such an award is just. *Id.* at 138.

Plaintiffs' demand letters state that "this claim is worth well in excess of Garrison Property and Casualty Insurance Company's policy limits" and they "will seek a verdict in excess of policy limits." Although the Court disagrees with Defendant's basis for

removal, the Court finds that Defendant had an objectively reasonable basis for removal. *See Johnson v. Liberty Mut. Ins. Co.*, No. 8:13-CV-491-T-33TGW, 2013 WL 1503109, at *4 (M.D. Fla. Apr. 12, 2013). Therefore, the Court declines to award Plaintiffs' attorney's fees and costs.

Accordingly, it is **ORDERED**

1. Plaintiffs' Motion To Remand is **GRANTED**.

2. Plaintiffs' Motion For Attorney's Fees And Costs is **DENIED**.

3. The Clerk is further directed to Remand this case to the proper state court, to terminate all pending motions and deadlines, and to close this case.

**DONE** and **ORDERED** in Chambers at Tampa, Florida, this 17th day of November, 2014.

**ELIZABETH A. KOVACHEVICH**
**UNITED STATES DISTRICT JUDGE**

Copies to: All parties and counsel of record.